DUGGLEBY BROTHERS, Appellees, v. LEWIS ROOFING CO.,
Appellant.

**Building contract:** BREACH: QUESTION OF FACT. Where a contractor contended that the use of two sheets of two and one-half ply paper was a compliance with his agreement to cover the building with five-ply paper, and this was denied by the owner, the question was thus rendered the subject of expert evidence and an issue for the jury was presented.

**Same:** CHANGE IN PLANS: EVIDENCE. Where a contractor consented to a modification of the plans without asking a modification of his guaranty, he cannot thereafter complain of the change; and evidence that the same was made is inadmissible.

**Breach of contract:** .MEASURE OF DAMAGES. Under a contract guaranteeing the quality of work, evidence of its value at a time remote from its completion is not admissible on the question of damages for a breach of the agreement.

**Same:** DAMAGES. The reasonable cost of repairing damage to a building, caused by a failure of the contractor to construct the roof as agreed, may be shown on the question of damages.

**Same:** SETTLEMENT OF DAMAGES. Under a contract to construct and keep the roof of a building in repair, a mere attempt to repair the same, which was not accepted as full performance of the warranty, did not constitute a settlement, and refusal to so instruct was proper.

**Damages:** INSTRUCTIONS. Where a contractor's liability for failure to construct a roof included not only direct but proximate and consequential damages as well, he could not complain of an instruction confining recovery to consequential damages due to a leakage of tar or roof composition, and excluding recovery for damages from water.

**Breach of contract:** DAMAGES: QUESTIONS OF FACT. Where the evidence is conflicting as to whether plaintiff's damage resulted from the contractor's failure to roof the building according to contract, or from his own negligent acts, the question is for the jury and its finding cannot be said to be without support.

**Same:** NATURE OF RECOVERY. Where a contractor used defective material and failed to roof plaintiff's building according to contract, so that necessary repairs thereto could be made,

damages for the breach are recoverable and plaintiff is not limited to the mere cost of repairs.

*Appeal from Scott District Court.*— HON. A. P. BARKER, Judge.

TUESDAY, JUNE 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACTION at law to recover damages for breach of warranty in the sale of roofing material, and for failure to maintain a roof as agreed. Defendant averred that whatever damage plaintiff suffered was due to its own fault, pleaded that it complied with its warranty, and also a settlement of all matters in litigation. On these issues the case was tried to a jury resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Salinger, Scott & Theophilus,* for appellant.

*F. A. Cooper* and *H. B. Betty,* for appellees.

DEEMER, J.— Plaintiff, who was engaged in constructing a natatorium in the city of Davenport, received from defendant the following proposition: " Duggleby Bros.: We will put on five-ply, seven-year guaranteed asphalt composition and flint roofing over new natatorium building. We will also do the necessary tin and gutter work for $500. This does not include any skylights, and we will make a price of 45 cents per square foot for any skylight work we may have. Lewis Roofing Co., by E. W. Lewis." This proposition was accepted by plaintiff, and at that time defendant promised to make an agreement of guaranty in writing which was thereafter executed and reads as follows: " Rock Island, Ill. January 7, 1904. Duggleby Bros.: We hereby guaranty the workmanship and material placed by us on

building located at Davenport, described as natatorium, for the term of seven years, and agree to maintain the same in water tight condition, and will repair all leakages which are the result of defective workmanship and materials upon receipt of due notice. Lewis Roofing Co., by E. W. Lewis." Defendant proceeded to construct the roof under its contract, and plaintiff avers that defendant did not comply with its contract, in that it did not use the material which it agreed to furnish, in that it used no asphalt, used two-ply paper instead of five-ply, used in place of asphalt a soft and sticky tar which melted at low temperature, and did not do the work as agreed; that on account of said faulty construction the roof leaked water, tar, and other substances, which injured and destroyed everything with which it came in contact, and damaged plaintiff to the extent of $500; that defendant was notified of the defects, and that it promised to repair them, but that it failed and neglected to do so; that the roof was of little or no value, and that plaintiff's building, the furniture, and fixtures thereof were damaged by reason of the defect to the extent of $80. Damages are asked in the sum of $1,030. The nature of defendant's answer has already been stated. The verdict was for $308.85. Appellant has assigned something like twenty-seven errors; but, as he argues but fourteen, and these very briefly, it is not necessary for us to consider them all. The alleged errors relate to rulings on the admission and rejection of testimony, to the instructions and to the sufficiency of the testimony to support the verdict. We shall consider such of these as seem to be material or controlling, dealing therewith in the order stated.

I.   One of the questions in the case was whether or not defendant used a five-ply paper in constructing the roof.

1. Building con- It is shown without dispute it used but two
tract: breach: sheets, but it contends that these sheets were
question
of fact. two and one-half ply each, and that this made
the five-ply specified in the contract. This is denied by

plaintiff, and the matter thus became an issue to be deter-
mined by experts.   The trial court so ruled; but it is con-
tended that some of the testimony offered by defendant upon
this proposition was improperly rejected.   We have exam-
ined the record regarding this matter, and find no error.
The testimony was either received, or where rejected the
witness did not show his competency.

Defendant offered to show that the plans and specifica-
tions were changed, but this was denied it.   In this there was
no error.   If there was a change, defendant consented to it

2. SAME: change
in plans:
evidence.

without asking any modification of its guar-
anty, and hence it cannot complain.   Evi-
dence as to the value of the roof at the time of trial was
rejected.   There was no error here, for that was not the
proper measure of damages.

The roof had then been on for over two years, and the

3. BREACH OF CON-
TRACT: measure
of damages.

question was not of its value then, but when
constructed.   The trial court in its instruc-
tions took from the jury all evidence as to the then value of
the roof.

A witness was asked as to the reasonable cost of re-
pairing spots made by the dripping upon the floors.   This
testimony was properly received for the purpose of showing

4. SAME: dam-
ages.

plaintiff's damages.   Defendant claimed that
the damages were due to the improper ventila-
tion of the roof of the building, and to the presence of water
used therein for baths of various kinds.   It is contended on
its behalf that it was not allowed to show that fact by the
testimony.   An examination of the record shows that this is
a mistake, and that it was allowed to make such a showing.

II.   Complaint is made of the instructions, because it
is said they do not fairly state the issues, gave an incorrect
measure of damages, and authorized recovery upon an im-
plied warranty.   There is nothing in any of these conten-
tions.   The issues were fairly stated, the rule of damages

correct, and no authority was given to the jury to return a verdict as upon an implied contract.

It is further argued that the court was in error in directing the jury that there was no settlement between the parties. This proposition is also without merit.   All that is shown

5. Same: settlement of damages.   in this connection is that defendant attempted to repair the roof in the year 1905, and, though it had done so, this was not accepted by plaintiff as a full performance of the warranty, but as an attempt on defendant's part to make the warranty good.   There was no acceptance on plaintiff's part of defendant's effort as a complete performance.   Hence there was no settlement.   *Jones v. Fennimore,* 1 G. Greene, 134.

The instructions as to the measure of plaintiff's damage were, if anything, prejudicial to plaintiff.   Defendant was liable, not only for direct, but for proximate, conse-

6. Damages: instructions.   quential damages as well.   The trial court eliminated all damages from water from the case, and instructed that the only consequential damages which could be allowed were those arising from leakage of tar or roof composition.   Of this defendant has no cause for complaint.

III.   Lastly it is insisted that the verdict is without support, in that the testimony shows that all damages were due to plaintiff's own fault in not affording proper ventilation

7. Breach of contract: damages: questions of fact.   in cutting holes in the roof, to defective construction of the skylight, failure to build proper coping and to cement the walls, or to improper gutters.   Upon all these matters there was a conflict in the testimony, and the questions were properly submitted to the jury.

It is also argued that plaintiff was not entitled to damages, and that all it could claim under the warranty was the

8. Same: nature of recovery.   repair of the roof.   In a measure this is so. And it is shown that plaintiff did call upon defendant to repair it, and that they attempted to do so

on some occasions.   But it is also shown that they did not and could not comply with the conditions of the warranty, in that they used faulty material, and did not do the work as promised, and that they could not maintain the roof in a water-tight condition.   Recovery for damages is the only relief in such a case.   The record is very much confused. There are two abstracts for appellant and two for appellee and a transcript of the testimony.   We have gone over these matters as best we may, and have discovered no prejudicial. error.

The judgment must be, and it is, *affirmed.*